UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM MICHAEL JENNINGS,

        Movant,

                                         File No. 1:05-CV-642

v.

                                       HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/


## OPINION

    This matter comes before the Court on Movant William Michael Jennings' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I.

    On June 14, 2004, Movant entered a plea of guilty pursuant to a written plea agreement to one count of armed robbery of a financial institution and one count of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c), respectively.  On September 28, 2004, he was sentenced to a term of 46 months on the bank robbery charge and a consecutive term of 87 months on the firearm charge.  Movant did not appeal his conviction or sentence.

    On September 19, 2005, Movant filed the instant § 2255 motion.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the

petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).   Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

Movant contends that his sentence was imposed in violation of *United States v. Booker*, 125 S. Ct. 738 (2005), because this Court treated the Sentencing Guidelines as mandatory rather than advisory.   He argues that defense counsel rendered ineffective assistance by failing to file an appeal of his conviction in order to preserve the *Booker* claim.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury.  The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines.  In *Booker*, 125 S. Ct. 738, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines.  The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment.  According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by

the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.

The *Booker* Court directed that its holding be applied to all cases on direct review. *Id.* at 769. A case is considered final and no longer on direct review when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Movant's judgment of conviction was entered on September 24, 2004. Because Movant did not file a notice of appeal, his conviction became final no later than October 8, 2004, upon the expiration of the 10-day period for filing such notice of appeal. *See Clay v. United States*, 537 U.S. 522, 524-25 (2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Movant's case therefore no longer was on direct review when *Booker* was decided on January 12, 2005.

The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005). In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Sixth Circuit concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application to cases on collateral review. Specifically, the *Humphress* court found that the new rules do not

4

forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-63. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id*.

Based on the clear holding in *Humphress*, Movant is not entitled to relief under *Booker*, because his case was final before January 12, 2005.

Movant contends, however, that his attorney rendered ineffective assistance when he failed to file an appeal or failed to advise Movant to file an appeal in order to preserve the *Booker* issue until that case could be decided. To establish a claim of ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the context of an attorney's alleged failure to file an appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an

5

attorney fails to initiate an appeal when specifically instructed to file he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). In contrast, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega* at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

In the instant case, Movant does not allege either that he asked his attorney to file an appeal or that his attorney failed to consult with him about filing an appeal. Indeed, notwithstanding the fact that the attorney on the instant motion to vacate also served as counsel at sentencing, the motion contains no representations as to what advice Movant was

given about filing an appeal.  As a consequence, Movant has failed to allege facts that would demonstrate that counsel ineffectively failed to file an appeal under the standard of *Flores-Ortega*, 528 U.S. at 477, and *Regalado*, 334 F.3d at 524.

Moreover, to the extent Movant complains that his attorney failed to recommend that he file an appeal,  Movant cannot demonstrate that counsel's performance fell below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 488.  At the time of sentencing, the Sixth Circuit had held that judicial factfinding under the federal sentencing guidelines and application of mandatory federal sentencing guidelines did not violate the Sixth Amendment under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely*, 542 U.S. 296.  *See United States v. Koch*, 383 F.3d 436, 442 (6th Cir. 2004). Counsel was aware of the *Koch* decision at the time of sentencing.  Indeed, in his objections to the presentence information report, defense counsel objected to certain calculations on the grounds that *Koch* was wrongly decided.

Because *Koch* constituted controlling law in this circuit, only after the issuance of the *Booker* decision in 2005 did it become clear that judicial factfinding under the federal sentencing guidelines and mandatory application of those guidelines could violate the Sixth Amendment.  Accordingly, on the basis of the law as it existed at the time Movant was sentenced, counsel's advice not to appeal was objectively reasonable and did not constitute ineffective assistance of counsel. *See United States v. Burgess*, 142 Fed. Appx. 232, 241 (6th Cir. 2005) (failure to predict Supreme Court's decision in *Booker* does not constitute

ineffective assistance); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective assistance of counsel); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Defendant faults his former counsel not for failing to find existing law, but for failing to predict future law. We agree . . . that clairvoyance is not a required attribute of effective representation."); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (holding that "counsel is normally not expected to foresee future new developments in the law").

Accordingly, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 must fail.

## IV.

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:   February 9, 2006      /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              CHIEF UNITED STATES DISTRICT JUDGE